IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GARY "CHASE" FULLER and GARY FULLER, </br></br>  Plaintiffs, </br></br> v. </br></br> PHOENIX SOLUTIONS, INC., and RICHARD A. SCRUGGS, </br></br>  Defendants. | )))))))))))))) </br></br> Civil Action No.: 3:13-CV-31 </br></br> JURY DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, CHASE FULLER and GARY FULLER ("Plaintiffs") and file this Complaint, showing the Court as follows:

**Nature of Claims**

1.

This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") for Defendants' failure to pay Plaintiffs properly under the FLSA, including failure to pay overtime, improper deductions, recordkeeping violations and failing to pay Plaintiffs for each hour worked.

## Parties

2.

Defendant Phoenix Solutions, Inc. ("PSI") is a Georgia limited liability company that provides general contracting, engineering and real estate/land services to the federal, state, local and private sectors. Its principal place of business is 507 Plantation Park Drive, Loganville, Georgia 30052, and it can be served with process through its Registered Agent, Richard A. Scruggs, at the same address.

3.

Defendant Richard A. Scruggs is an individual resident of Georgia, and the Chief Executive Officer, Chief Financial Officer and Secretary of Defendant PSI. Defendant Scruggs had the power to hire and fire Plaintiffs and supervised and controlled the terms and conditions of their employment. Defendant Scruggs was responsible for the unlawful pay decisions and practices and other unlawful decisions and practices at issue in this case.

4.

Defendants' business activities involve those to which the FLSA applies. Both Defendants' business and Plaintiffs' work for Defendants' affected interstate commerce for the relevant time period.

5.

Plaintiffs are residents of the State of Georgia and are former employees of Defendants. Plaintiffs served Defendants as right-of-way agents, land agents and surveyors. Their duties and responsibilities included surveying land, working with private land owners and contractors, such as Atlanta Gas Light, to negotiate contracts for easements and construction, putting together plans for construction and engineering for any property a gas line might affect, and overseeing the actual construction and engineering of the projects.

**Jurisdiction and Venue**

6.

This Court has original subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), as well as 28 U.S.C. §§ 1331.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Facts

8.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked in excess of 40 hours per week for the Defendants but were never paid full overtime wages for any of those weeks. There was no limit placed on the amount of hours Plaintiffs were required to work.

9.

At all times relevant to this action, Defendants paid Plaintiffs on an hourly basis.

10.

Plaintiffs regularly worked in excess of 40 hours in a workweek, but were not paid at a rate of time and one-half for those hours worked in excess of 40.

11.

On occasion, Defendants also failed to pay Plaintiffs for actual hours that they worked.

12.

Defendants also deducted amounts from Plaintiffs' wages for unlawful reasons, including, but not limited to, late time sheets.

13.

Upon information and belief, Defendants did not properly maintain their payroll records as required under the FLSA.

14.

Plaintiffs complained to Defendants about their unlawful payroll practices.

15.

Defendants retaliated against Plaintiffs due to their complaints about Defendants' FLSA violations.

## COUNT ONE: FLSA VIOLATIONS

16.

Plaintiffs incorporates paragraphs 1-15 of their Complaint into this Count.

17.

Plaintiffs were required to work by Defendants, and indeed did work, in excess of forty (40) hours per week.

18.

Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiffs were entitled to be paid at a rate of one and one-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

19.

Defendants also were required to pay Plaintiffs for each hour they worked without deducting from their compensation for unlawful reasons.

20.

Defendants further were required under the FLSA to maintain certain records relating to the hours worked and wages paid to Plaintiffs.

21.

Defendants failed to meet their requirements under the FLSA to pay overtime, to pay for each hour worked without improper deductions, and to maintain records as mandated by the FLSA.

22.

Defendants also violated the FLSA by retaliating against Plaintiffs for their complaints about Defendants' failure to pay them properly.

23.

Defendants' violations of the FLSA were intentional and willful, and Defendants did not make good faith efforts to comply with the FLSA.

24.

As a result of Defendants' unlawful acts, Plaintiffs are entitled to an award of unpaid overtime and wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs of litigation, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages and overtime for each Plaintiff, together with interest thereon;

c. An award of liquidated damages for each Plaintiff, together with interest thereon;

d. A permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e. An award of reasonable attorneys' fees and expenses of litigation;

f. An award of prejudgment interest and their costs and disbursements herein;

g.     An order that Defendants are jointly and severally liable for the awarded amounts; and

h.     Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 19th day of March, 2013.

                                        SALTER THOMSPON LAW, P.C.

                                        /s/ Amanda S. Thomspon
                                        Amanda S. Thompson
                                        Georgia Bar No. 622854


Amanda S. Thompson
Salter Thompson Law, P.C.
3535 Piedmont Road
Building Fourteen, Suite 410
Atlanta, Georgia 30305

Tel:  (404) 247-0107
Fax:  (404) 920-4342
amanda@stlaborlaw.com

ATTORNEYS FOR PLAINTIFFS CHASE FULLER and GARY FULLER